**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-3022 (JEB) |
| U.S. DEPARTMENT OF COMMERCE, | ) ) ) | |
| Defendant. | ) ) | |

## MOTION FOR SUMMARY JUDGMENT

Defendant, the United States Department of Commerce ("DOC"), by its undersigned attorneys, respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment on the grounds that no genuine issue as to any material fact exists and DOC is entitled to judgment as a matter of law. In support of this motion, the Court is respectfully referred to defendant's accompanying declaration, exhibits, the Statement of Material Facts As To Which There Is No Genuine Issue, and the Memorandum of Points and Authorities In Support of Defendant's Motion For Summary Judgment.

A proposed order consistent with the relief sought is also attached.

Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
 for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, )<br><br>Plaintiff, )<br><br>v. )<br><br>U.S. DEPARTMENT OF COMMERCE, )<br><br>Defendant. ) | Civil Action No. 18-3022 (JEB) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), Defendant, the United States Department of Commerce ("DOC"), submits this statement of material facts as to which there is no genuine issue:

1.     By letter dated August 2, 2018, plaintiff made a Freedom of Information Act ("FOIA") request to DOC, seeking two categories of information regarding the communications of Eric Branstad, former Senior White House Advisor at DOC.  Declaration of Brian D. Lieberman ("Lieberman Decl."), at ¶ 4.

2.     In particular, plaintiff requested access to:

1)  All communications between former White House advisor to the Commerce department Eric Branstad and former Trump campaign official Rick Gates from January 20, 2017 to March 1, 2018.

2)  All communications sent or received by Mr. Branstad that mention the defense firm Circinus.

Id. & Ex. 2.

3.     By letter dated July 22, 2018, DOC made an interim release to plaintiff consisting of 19 pages, withholding sixteen pages in part and one page in full, pursuant to FOIA Exemptions 4, 5 and 6.  Id. at ¶ 8.

4.      By letter dated June 14, 2019, DOC provided plaintiff with an amended production of 165 pages, including the nineteen pages originally provided, withholding ninety pages in part and seven pages in full, pursuant to FOIA Exemptions 4, 5 and 6.  Id. at ¶ 9.

5.      In searching for responsive records, "DOC searched the contents of Mr. Branstad's email box and electronic calendar using terms corresponding to the two portions of Plaintiff's request for communications: "Rick Gates," "Richard Gates" and "Circinus."  Id. at ¶ 10.

6.      Pursuant to Exemption 4, DOC withheld confidential commercial information pertaining to the company Circinus's plans and strategy regarding government contracting for defense/military issues, which constitutes information not ordinarily released by such companies, and the release of which would cause substantial competitive harm to Circinus and could impair DOC's ability to obtain necessary information.  Id. at ¶ 19-21.

7.      Pursuant to Exemption 5, DOC withheld certain information contained in inter or intra-agency memoranda which is protected from mandatory disclosure by the deliberative process privilege, consisting of draft testimony and the related analysis of that testimony by a senior DOC official.  Id. at ¶¶ 6, 27.

8.      Pursuant to Exemption 6, DOC withheld certain information the release of which would constitute a clearly unwarranted invasion of personal privacy.  Id. at ¶¶ 6, 28-32.

9.      All reasonably segregable information has been released.  Id. at ¶¶ 33-34.

Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
 for the District of Columbia

2

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division


*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-3022 (JEB) |
| | ) | |
| U.S. DEPARTMENT OF COMMERCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff filed this civil action against defendant United States Department of

Commerce ("DOC"), alleging that DOC violated the Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, in connection with a request for access to information made by plaintiff.  In

particular, plaintiff requested access to:

1) All communications between former White House advisor to the Commerce department Eric Branstad and former Trump campaign official Rick Gates from January 20, 2017 to March 1, 2018.

2) All communications sent or received by Mr. Branstad that mention the defense firm Circinus.

Declaration of Brian D. Lieberman ("Lieberman Decl."), at ¶ 4 & Ex. 2.

As the accompanying Lieberman Declaration and Vaughn Index demonstrates, DOC

performed an adequate search for responsive records and properly withheld information

pursuant to FOIA Exemptions 4, 5 and 6.  Thus, there is no genuine issue of material fact and

BOP is entitled to judgment as a matter of law.

**ARGUMENT**

**I.     DOC has Performed an Adequate Search for Responsive Documents.**

Plaintiff has indicated an intent to challenge DOC's search for responsive records. Under such circumstances, an agency must establish that it has conducted a search reasonably calculated to uncover all responsive records.  See, e.g., Baker & Hostetler LLP v. Department of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006); Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).

Although the adequacy of the search is "dependent upon the circumstances of the case," Truitt v. Department of State, 897 F.2d at 542, the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  In this connection, it is axiomatic that the fundamental question is not "'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'"  Steinberg v. Department of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting* Weisberg v. Department of Justice, 745 F.2d 1476, 1485  (D.C. Cir. 1984)); accord Nation Magazine v. Customs Service, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); see Allen v. Federal Bureau of Prisons, 263 F. Supp.3d 236, 242 (D.D.C. 2017).

The FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request when responsive documents are likely to be located in one place.  Kowalczyk v. Department of Justice, 73 F.3d 386, 388 (D.C. Cir. 1996).

Nor does the FOIA require that an agency search every record system.  Oglesby, 920 F.2d at 68.

The "[f]ailure to turn up [a specified] document does not alone render [a] search inadequate."  Nation Magazine, 71 F.3d at 892, n.7.  Nor is the issue before the Court "whether there might be any further documents," Kowalczyk, 73 F.3d at 388; rather, it is whether the search was adequate.  Weisberg, 745 F.2d at 1485.  In order to prove that its search was reasonable, the agency is entitled to rely upon affidavits, provided that they are relatively detailed, nonconclusory, and submitted in good faith.  Id. at 1486; Perry v. Block, 684 F.2d at 127 ("affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA"); Allen, 263 F. Supp.3d at 242.  The affidavits must show "that the search method was reasonably calculated to uncover all relevant documents," and should "explain how the search was conducted."  Oglesby, 920 F.2d at 68.

The accompanying Lieberman Declaration explains that "DOC searched the contents of Mr. Branstad's email box and electronic calendar using terms corresponding to the two portions of Plaintiff's request for communications: 'Rick Gates,' 'Richard Gates' and 'Circinus.'"  Id. at ¶ 11.  Given that plaintiff's request sought two specific categories of communications by Mr. Branstad, searching his email box was the logical place to look for responsive records.  Id. at ¶¶ 14-15.

Accordingly, because the methods of searching were reasonably based on the subject of the request and DOC's recordkeeping systems, DOC is entitled to summary judgment on the adequacy of its search.  See Larson v. Dep't of State, 565 F.3d 857, 869 (D.C. Cir. 2009) (observing that the adequacy of an agency's search "is measured by the reasonableness of the effort in light of the specific request").

3

## II.    Pursuant to Exemption 4, DOC Withheld Confidential Commercial Information

Exemption 4 of the FOIA protects from disclosure "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential."  5 U.S.C. § 552(b)(4).  Commercial or financial information is that information that relates to a trade or business.  See, e.g., Baker & Hostetler LLP v. U.S. Dep't of Commerce, 473 F.3d 312, 319-20 (D.C. Cir. 2006).  The requirement that the information be "obtained from a person" includes information obtained from a business.  Bd. of Trade v. Commodity Futures Trading Comm'n, 627 F.2d 392, 405 (D.C. Cir. 1980).

With respect to whether information is "confidential," prior to Food Mktg. Inst. v. Argus Leader Media, 139 S. Ct. 2356 (2019), there were two different standards applied to Exemption 4 withholdings—one applied for voluntarily submitted information and one applied for involuntarily submitted information.  For voluntarily submitted information, an agency could withhold it under Exemption 4 if "it is of a kind that a provider would not customarily release to the public."  Critical Mass Energy Proj. v. Nuclear Regulatory Comm'n, 975 F.2d 871, 872 (D.C. Cir. 1992) (en banc)).  For required submissions, the withholding would satisfy the Exemption 4 test if the disclosure was likely to "(1) impair the government's ability to obtain necessary information in the future; or (2) cause substantial harm to the competitive position of the person from whom the information was obtained."  Nat'l Parks & Conservation Ass'n v. Morton, 498 F.2d 765, 770 (D.C. Cir. 1974).

Rejecting this approach, the Supreme Court held that it could not "discern a persuasive reason to afford the *same* statutory term two such radically different constructions."  Food Mktg. Inst., 2019 WL 2570624, at *6 (rejecting differing applications of the term "confidential").  The

4

Court emphasized how Exemption 4 safeguards the government's interest in "providing private parties with sufficient assurances about the treatment of their proprietary information so they will cooperate in federal programs and supply the government with information vital to its work." Id. at *20-21.

On the remaining question—"when does information provided to a federal agency qualify as 'confidential,'"—the Supreme Court held that information is confidential "whenever it is customarily kept private, or at least closely held, by the person imparting it." Food Mktg. Inst., 2019 WL 2570624, at *6.[1]

In the case at hand, the information withheld concerns the company Circinus, and constitutes commercial information because Circinus used it in its commercial and business activities to provide defense/military contracting and related services on an international basis. Lieberman Declaration, ¶ 19. The information was obtained "from a person" because it was conveyed to DOC by private individuals on behalf of Circinus. Id. at ¶ 20.

Mr. Lieberman explains that:

> Viewing the provision of this information as voluntarily [provided], in DOC's experience, private businesses do not customarily release information of this nature concerning their business plans and strategy to their competitors or other third parties. Even if one considers the submission mandatory, DOC concluded, release of this information concerning Circinus's international business plans and strategy would either likely cause substantial competitive harm to Circinus, on whose behalf Mr. Gates and Mr. Hodgkins submitted it to DOC, or would impair DOC's ability to obtain similar information from others in the future concerning international business plans, thus compromising DOC's role in supporting American businesses developing or expanding their operations abroad.

---

[1] Notably, the Supreme Court also discussed a second possible requirement—that the "information might be considered confidential only if the party receiving it provides some assurance that it will remain secret." Food Mktg. Inst., 2019 WL 2570624, at *4. But the Court held that "there's no need to resolve that question in this case[.]" Id.

5

> Indeed, if Circinus (or any defense contractor) were required to share its plans for the development of international business, it could alert competitors to specific opportunities or reveal specific company strategies.

Lieberman Decl., ¶ 21.

Thus, because the information withheld consists of confidential commercial information that the business would not ordinarily share publicly, DOC properly invoked Exemption 4 to withhold it.

### III.    Pursuant to Exemption 5, DOC Properly Withheld Information Subject to the Deliberative Process Privilege.

FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5).  The exemption protects records that ordinarily would be privileged in the civil discovery context, and thus encompasses the deliberative process privilege, the attorney-client privilege, and the attorney work-product doctrine.  See Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 148-49 (1975) ("NLRB"); Abtew v. U.S. Dep't of Homeland Sec., 808 F.3d 895, 898 (D.C. Cir. 2015).   As explained below, DOC withheld information under Exemption 5, through the deliberative process privilege.

The purpose of the deliberative process privilege is to protect the government's decision-making process, and "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8–9 (2001); Abtew, 808 F.3d at 898; Tax Analysts v. IRS, 117 F.3d 607, 617 (D.C. Cir. 1997) (noting that the privilege "reflect[s] the legislative judgment that the quality of administrative decision-making would be seriously undermined if agencies were forced to 'operate in a

6

fishbowl' because the full and frank exchange of ideas on legal or policy matters would be impossible"). Application of the privilege, therefore, serves to "prevent injury to the quality of agency decisions." NLRB, 421 U.S. at 150–51.

To qualify for protection under the deliberative process privilege, the agency must show that the information is both (1) "predecisional" and (2) "deliberative." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 39 (D.C. Cir. 2002). A document is predecisional if "it was generated before the adoption of an agency policy," and deliberative if "it reflects the give-and-take of the consultative process." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980); Abtew, 808 F.3d at 899. The privilege applies to documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." NLRB, 421 U.S. at 150; Coastal States Gas Corp., 617 F.2d at 866 (deliberative process privilege protects documents "which would inaccurately reflect or prematurely disclose the views of the agency"). The privilege "'ensur[es] that persons in an advisory role would be able to express their opinions freely to agency decision-makers without fear of publicity. . .Such consultations are an integral part of its deliberative process; to conduct this process in public view would inhibit frank discussion of policy matters and likely impair the quality of decisions.'" McKinley v. Bd. Of Gov. of the Fed. Reserve Sys., 647 F.3d 331, 339-40 (D.C. Cir. 2011) (*quoting* Ryan v. Dep't of Justice, 617 F.2d 781, 789-90 (D.C. Cir. 1980)).

The deliberative process privilege also protects factual materials that are closely intertwined with opinions, recommendations, and deliberations. Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 513 (D.C. Cir. 2011) ("[T]he legitimacy of withholding

does not turn on whether the material is purely factual in nature or whether it is already in the public domain, but rather on whether the selection or organization of facts is part of an agency's deliberative process."); Mapother v. Dep't of Justice, 3 F.3d 1533, 1538-39 (D.C. Cir. 1993). Whether a document is predecisional does not depend on the agency's ability to identify a specific decision for which the document was prepared. NLRB, 421 U.S. at 151 n.18. Rather, the deliberative process privilege applies as long as the document is generated as part of a continuing process of agency decision- making.

> DOC withheld:
>
> (i) a portion of an internal email between DOC officials containing one official's analysis of draft testimony for John Thompson, Director of the Census Bureau, before the House Appropriations Committee's Subcommittee on Commerce, Justice, Science and Related Agencies and (ii) the attachment to that email containing the draft testimony.

Lieberman Decl., ¶ 23 & Vaughn Index, Lines 42, 43 and 46. The information withheld involves a communication by a DOC official discussing draft testimony by the Census Director , and the draft testimony itself.

All of this information is predecisional, because it concerns analyses, opinions and recommendations about nonfinal testimony to be given by the Census Director. Lieberman Decl., ¶ 27. Thus, given that none of the information at issue constitutes a final decision about the testimony to be given, it qualifies as predecisional.

The information withheld is also deliberative. As the Lieberman Declaration makes clear, these documents contain opinions and recommendations concerning testimony to be given. Release of this deliberative information would harm the agency's decision-making process because it would chill the needed open and frank discussion about testimony to be presented to Congress. Lieberman Decl., ¶ 27. As the Supreme Court aptly observed, "officials will not

communicate candidly among themselves if each remark is a potential item of discovery and front page news." Klamath Water Users Protective Ass'n, 532 U.S. at 8–9.

In this regard, Mr. Lieberman points out that:

Agency personnel may hold back from sharing important observations, analyses and recommendations, or factual information they thought should be considered, if they knew that such deliberations would be made public, and this would seriously undermine the development of an adequate, thorough, thoughtful, soundly based assessment of testimony to be provided to Congress.

Lieberman Decl., ¶ 27.

Mr. Lieberman further explains: "No factual information can be segregated and released, because the factual information was selectively chosen to highlight certain portions of the draft testimony, and thus its release would reveal the deliberations at issue over the proposed testimony." Lieberman Decl., ¶ 27.

The forwarding of this information to one private individual, for the sole purpose of expediency so the information could flow from one DOC official to another, while the sender was in transit, does not amount to a waiver of the privilege because the information was not knowingly put out into the public domain by the agency. This incident was unauthorized by DOC and contrary to DOC's policy and practice. Lieberman Decl., ¶ 24. Under such circumstances, the privilege has not been waived. See Mannina v. District of Columbia, 2019 WL 1993780, at *8 (D.D.C. May 6, 2019).

Accordingly, because DOC had withheld predecisional, deliberative information that is privileged under the deliberative process privilege, the agency's invocation of Exemption 5 should be upheld.

9

**IV.    Pursuant to Exemption 6, DOC Properly Withheld**
       **Information to Protect the Personal Privacy of an**
       **Individual Whose Name Appears in the Records.**

Pursuant to Exemption 6, DOC withheld private email addresses and private phone numbers for several private individuals, private residential addresses, as well as the work cell phone numbers of various DOC employees, and work email addresses of high level DOC employees.  Lieberman Decl., ¶ 31.  Release of this information could subject these individuals to unwanted and unnecessary personal contact, including the potential for harassment.  Id.

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6). The term "similar files" is broadly construed and includes "Government records on an individual which can be identified as applying to that individual."  U.S. Dep't of State v. Wash. Post Co., 456 U.S. 595, 602 (1982); Lepelletier v. Fed. Deposit Ins. Corp., 164 F.3d 37, 47 (D.C. Cir. 1999) ("The Supreme Court has interpreted the phrase 'similar files' to include all information that applies to a particular individual."); Govt. Accountability Project v. U.S. Dep't of State, 699 F. Supp. 2d 97, 105-06 (D.D.C. 2010).

In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." Lepelletier, 164 F.3d at 46; Chang v. Dep't of Navy, 314 F. Supp.2d 35, 43 (D.D.C. 2004). "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its

10

statutory duties' or otherwise let citizens know 'what their government is up to.'" Lepelletier, 164 F.3d at 47 (*quoting* U.S. Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 497 (1994)) (alterations in original); Beck v. Dep't of Justice, 997 F.2d 1489, 1492 (D.C. Cir. 1993) (*quoting* Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989)). "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." Beck, 997 F.2d at 1492.

DOC weighed the privacy interests at stake against the public interest in disclosure, and concluded that the private emails and private phone numbers of private individuals, private residential addresses, work cell phone numbers for DOC employees, and work email addresses for high level DOC employees, shed no light on what DOC or the government is doing, and thus disclosure would cause an unwarranted invasion of privacy. Lieberman Decl., at ¶ 32. Given the complete lack of public interest in disclosure, the disclosure would amount to a clearly unwarranted invasion of personal privacy. Accordingly, the Court should uphold DOC's application of Exemption 6.

## V.    DOC Has Complied with FOIA's Segregability Requirement.

Under the FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996); Canning v. Dep't of

11

Justice, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).

Here, DOC carefully reviewed the material withheld line-by-line to ensure all reasonably segregable information was released, and determined that no additional non-exempt information could be released.  Lieberman Decl., ¶¶ 33-34.  Release of the withheld information would reveal information protected by Exemptions 4, 5 and 6.  Id.

Thus, because DOC carefully reviewed the material withheld and determined that no additional non-exempt information could be released, this Court should find that the segregability requirement has been met.

## **CONCLUSION**

Accordingly, for all of the reasons set forth above and in the accompanying Lieberman Declaration and Vaughn Index, defendants respectfully submit that this motion for summary judgment should be granted.

Respectfully submitted,

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
   for the District of Columbia

DANIEL F. VAN HORN,
D.C. BAR #924092
Chief, Civil Division

12

/s/ *Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL,
D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

13

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-3022 (JEB) |
| U.S. DEPARTMENT OF COMMERCE, | ) ) | |
| Defendant. | ) ) ) | |

## <u>ORDER</u>

Upon consideration of defendant's motion for summary judgment, plaintiff's opposition, and the entire record in this case, the Court finds that there are no issues of material fact and the defendant is entitled to judgment as a matter of law. Therefore, it is hereby

ORDERED that defendant's motion for summary judgment is granted.

This is a final, appealable order.

_____
UNITED STATES DISTRICT JUDGE